**Jose Luis SANCHEZ–CIBRIAN,
Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

Nos. 05–71893, 05–75568.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., Bryan S. Beier, Esq., Stacy S. Paddack, Esquire, Kurt B. Larson, Esquire, U.S. Department of Jus-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM **

In these consolidated petitions, Jose Luis Sanchez–Cibrian, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal, and the BIA's order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review in No. 05–71893, and we dismiss the petition for review in No. 05–75568.

▪ We lack jurisdiction to review the agency's discretionary determination that Sanchez–Cibrian failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

Sanchez–Cibrian's contention that the agency violated his due process rights by disregarding his hardship evidence is not supported by the record and therefore does not amount to a colorable constitutional claim. *See id.* Sanchez–Cibrian's contention that the BIA streamlined his appeal is incorrect.

▪ Sanchez–Cibrian waived his remaining claims of constitutional violations pertaining to his direct appeal because he failed to address them in his opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

▪ The evidence Sanchez–Cibrian presented with his motion to reopen concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's determination that the evidence would not alter its prior discretionary determination that Sanchez–Cibrian failed to establish the requisite hardship. *Id.*

Sanchez–Cibrian's contention that the BIA violated due process by declining to reopen his case is unpersuasive.

**No. 05–71893: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**No. 05–75568: PETITION FOR REVIEW DISMISSED.**